## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | |
|---|---|
| **KELLY GARCIA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **vs.** § | **CIVIL NO.** _____ |
| § | |
| **METROPOLITAN LLOYDS** § | |
| **INSURANCE COMPANY OF TEXAS** § | |
| **AND NIGEL GOAD** § | |
| § | |
| **Defendants.** § | |

## DEFENDANT METROPOLITAN LLOYDS
## INSURANCE COMPANY OF TEXAS' NOTICE OF REMOVAL

## TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this

Notice of Removal of Cause Number 48964-A, styled *Kelly Garcia v. Metropolitan Lloyds*

*Insurance Company of Texas and Nigel Goad*, currently pending in the 42nd District Court of

Taylor County, Texas. Metropolitan removes the case to the U.S. District Court for the Northern

District of Texas, Abilene Division. As grounds for removal, Metropolitan states as follows:

## I.
## OVERVIEW

1.1     This case involves a dispute over insurance benefits under a Homeowners policy

of insurance issued by Metropolitan to Plaintiff Kelly Garcia, for storm damage to Plaintiff's

home. (*See* Plaintiff's Original Petition, page 3). Plaintiff commenced this action, styled *Kelly*

*Garcia v. Metropolitan Lloyds Insurance Company of Texas and Nigel Goad*, against

Metropolitan by filing her Original Petition on February 19, 2015 under Cause Number 48964-A

in the 42nd District Court of Taylor County, Texas. According to the Plaintiff's Original Petition

in that suit, the Plaintiff seeks to recover damages from the defendants in excess of $100,000.00. Metropolitan was served the Plaintiff's Original Petition in that suit on February 25, 2015. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). A true and correct copy of all process, pleadings, and the orders served upon Metropolitan in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1     The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiff is now, and was at the time the lawsuit was filed, a resident of the State of Texas. (*See* Plaintiff's Original Petition, page 1). Defendant Metropolitan is now, and was at the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Rhode Island and Wisconsin and are not residents or citizens of Texas. An additional Defendant in this case is Nigel Goad ("Goad"), who is a citizen of the State of Texas. His citizenship, however, should not be taken into consideration for purposes of determining diversity as he has been improperly joined in this action. There being complete diversity between the Plaintiff and Defendant Metropolitan, this case is properly removed to the U.S. District Court for the Northern District of Texas, Abilene Division.

2.2     The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-

diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In this case the Plaintiff is unable to establish a cause of action against Defendant Goad, thereby rendering his joinder improper.

2.3     The Plaintiff's allegations against Defendant Goad are generic and formulaic claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). The allegations against Defendant Goad in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Defendant Goad. As such, the allegations against Goad exemplify the badge of improper joinder.

2.4     Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case. The essence of this lawsuit is the Plaintiff's right of recovery under the insurance contract. Under such circumstances, Defendant Goad has been improperly joined. Because Defendant Goad has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

## III.
## REMOVAL PROPER

3.1     Disregarding the citizenship of Defendant Goad, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of 42nd District Court of Taylor County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 42nd District Court, Taylor County, Texas

Exhibit "B" – Certificate of Interested Persons

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 48964-A, styled, *Kelly Garcia v. Metropolitan Lloyds Insurance Company of Texas and Nigel Goad,* from the 42nd District Court of Taylor County, Texas to this Court on the 24th day of March, 2015, for trial and determination.

Respectfully submitted,

STACY & CONDER, LLP

_____ */s/ Dennis D. Conder* _____

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

On the 24th day of March, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure:

Richard D. Daly
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas  77098
713-655-1405
713-655-1587 – fax
SBN 00796429
rdaly@dalyblack.com

_____ */s/ - Dennis D. Conder* _____
Dennis D. Conder

PAN/PLDG/550828.1/001466.15800

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back
Location : All Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. 48964-A

| | |
|---|---|
| Kelly Garcia Vs Metropolitan Lloyds Insurance Company of Texas and Nigel Goad | § § § § § |

Case Type: **Contract: Other**
Date Filed: **02/19/2015**
Location: **42nd District Court**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| Defendant | **Goad, Nigel**<br>3342 Creek Road<br>Keller, TX 76248 | **Dennis Conder**<br>*Retained*<br>214-748-5000(W) |
| Defendant | **Metropolitan Lloyds Insurance Company of Texas**<br>through its registered agent, CT Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, TX 75201-3136 | **Dennis Conder**<br>*Retained*<br>214-748-5000(W) |
| Plaintiff | **Garcia, Kelly** | **Richard D. Daly**<br>*Retained*<br>713-655-1405(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 02/19/2015 | Civil Case Information Sheet | | |
| 02/19/2015 | Original Petition | | |
| | *Pltf Original Petition* | | |
| 02/19/2015 | Request For Issuance | | |
| 02/20/2015 | Issuance | | |
| | *Cit by CM Nigel Goad* | | |
| 02/20/2015 | Citation By Certified Mail | | |
| | Goad, Nigel | Unserved | |
| 02/20/2015 | Issuance | | |
| | *cit by CM Metropolitan Lloyds Ins of Texas* | | |
| 02/20/2015 | Citation By Certified Mail | | |
| | *Return filed with clerk 3/2/15* | | |
| | Metropolitan Lloyds Insurance Company of Texas | Served<br>Returned | 02/25/2015<br>03/02/2015 |
| 03/02/2015 | Citation By Certified Mail Returned Served | | |
| | *Metropoliton Lloyds In Co of Tex* | | |
| 03/10/2015 | Answer/Response | | |
| | *Defendant Nigel Goad's Original* | | |
| 03/10/2015 | Answer/Response | | |
| | *Defendant Metropolitan Lloyds Insurance Company of Texas' Original* | | |
| 03/20/2015 | Motion For Abatement | | |
| | *DFS Metropolitan Lloyds Ins Co of TX and Nigel Goad's* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Goad, Nigel**<br>Total Financial Assessment<br>Total Payments and Credits<br>Balance Due as of 03/23/2015 | | | 2.00<br>2.00<br>0.00 |
| 03/11/2015 | Transaction Assessment | | | 2.00 |
| 03/11/2015 | E-File Payment | Receipt # DC-123949 | Goad, Nigel | (2.00) |
| | | | | |
| | **Defendant Metropolitan Lloyds Insurance Company of Texas**<br>Total Financial Assessment<br>Total Payments and Credits<br>Balance Due as of 03/23/2015 | | | 4.00<br>4.00<br>0.00 |
| 03/11/2015 | Transaction Assessment | | | 2.00 |
| 03/11/2015 | E-File Payment | Receipt # DC-123950 | Metropolitan Lloyds Insurance Company of Texas | (2.00) |
| 03/20/2015 | Transaction Assessment | | | 2.00 |
| 03/20/2015 | E-File Payment | Receipt # DC-124838 | Metropolitan Lloyds Insurance Company | |



EXHIBIT

A

tabbies

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Garcia, Kelly | | | |
| | Total Financial Assessment | | | 517.00 |
| | Total Payments and Credits | | | 517.00 |
| | **Balance Due as of 03/23/2015** | | | **0.00** |
| 02/20/2015 | Transaction Assessment | | | 517.00 |
| 02/20/2015 | E-File Payment | Receipt # DC-122706 | Garcia, Kelly | (517.00) |

Filed 2/19/2015 5:53:35 PM
Patricia Henderson
District Clerk
Taylor County, Texas

Patricia Henderson

48964-A

CAUSE NO._____

| | | |
|---|---|---|
| KELLY GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | TAYLOR COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | Taylor 42nd District Court |
| INSURANCE COMPANY OF TEXAS | § | |
| AND NIGEL GOAD | § | _____ JUDICIAL DISTRICT |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Kelly Garcia ("Ms. Garcia"), Plaintiff herein, files this Original Petition against Defendants Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") and Nigel Goad ("Goad") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Kelly Garcia is a Texas resident who resides in Taylor County, Texas.

2.    Metropolitan is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

3.    Nigel Goad is a Texas resident who participated in adjusting Ms. Garcia's insurance claim, and he may be served via certified mail at 3342 Creek Road, Keller, TX 76248.

### II.
### DISCOVERY

4.    This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5.     The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.     Venue is proper in Taylor County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Taylor County. In particular, the loss at issue occurred in Taylor County.

## V.
## FACTUAL BACKGROUND

8.     Ms. Garcia is a named insured under a property insurance policy issued by Metropolitan.

2

9.      On or about April 3, 2014, or June 12, 2014, or at some other time during the policy period, a storm hit the Abilene, Texas area, damaging Ms. Garcia's house and other property. Ms. Garcia subsequently filed a claim on her insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     Goad was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     Goad's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, Metropolitan and Goad performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

### A.      Breach of Contract (Metropolitan Only)

15.     Metropolitan had a contract of insurance with Plaintiff. Metropolitan breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.      Prompt Payment of Claims Statute (Metropolitan Only)

16.     The failure of Metropolitan to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

3

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.      Bad Faith/DTPA (Metropolitan and Goad)**

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendants violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated § 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

4

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Metropolitan failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Metropolitan, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Metropolitan took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

25.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.    Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

28.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

**VIII.**
**DISCOVERY REQUESTS**

29.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.    You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Kelly Garcia prays that, upon final hearing

of the case, she recover all damages from and against Defendants that may reasonably be

established by a preponderance of the evidence, and that Ms. Garcia be awarded attorneys' fees

through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

other and further relief, general or special, at law or in equity, to which Ms. Garcia may show

herself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By: ___ /s/ Richard D. Daly _____
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        John Scott Black
        TBA No. 24012292
        jblack@dalyblack.com
        Ana M. Ene
        TBA No. 24076368
        aene@dalyblack.com
        William X. King
        TBA No. 24072496
        wking@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
KELLY GARCIA

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C.  You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.      You know the response made was incorrect or incomplete when made; or

b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.      These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.      If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.      If you claim that any document which is required to be identified or produced by you in any response is privileged:

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

9

J.      "Lawsuit" means this lawsuit.

                                    Respectfully submitted,

                                    DALY & BLACK, P.C.


                                    By:____/s/ Richard D. Daly_____
                                            Richard D. Daly
                                            TBA No. 00796429
                                            rdaly@dalyblack.com
                                            John Scott Black
                                            TBA No. 24012292
                                            jblack@dalyblack.com
                                            Ana M. Ene
                                            TBA No. 24076368
                                            aene@dalyblack.com
                                            William X. King
                                            TBA No. 24072496
                                            wking@dalyblack.com
                                            2211 Norfolk St., Suite 800
                                            Houston, Texas 77098
                                            713.655.1405—Telephone
                                            713.655.1587—Fax

                                    ATTORNEYS FOR PLAINTIFF
                                    KELLY GARCIA



                          **CERTIFICATE OF SERVICE**

        I hereby certify that I sent a true and correct copy of the attached discovery requests to
Defendant(s) as an attachment to the petition.  Therefore, Defendant would have received it
when it was served with the citation.

                                    _____/s/ Richard D. Daly_____
                                            Richard D. Daly

## INTERROGATORIES TO DEFENDANT METROPOLITAN

1.    Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

ANSWER:

2.    Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

ANSWER:

3.    Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

ANSWER:

4.    Does Defendant claim that Plaintiff(s) failed to mitigate his or her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

5.    Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

ANSWER:

6.    At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

7.    Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

8.   Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:

9.   Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

10.  To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:

11.  State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:

12.  Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

ANSWER:

13.  To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

14.  To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

15.  To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

16.     To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

        ANSWER:

17.     State the date Defendant first anticipated litigation.

        ANSWER:

18.     State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

        ANSWER:

19.     Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

        ANSWER:

20.     Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

        ANSWER:

21.     Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

        ANSWER:

22.     List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

        ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT METROPOLITAN

1.  The following insurance documents issued for the Property as identified in the Petition:
    a.  the policy at issue for the date of loss as identified in the Petition; and
    b.  the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2.  Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3.  All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4.  All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5.  All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6.  All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7.  All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

14

8.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.   All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.   All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

14.   If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

17.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

RESPONSE:

20.   Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the date of loss claimed by Plaintiff(s).

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25.    All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.    All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

17

29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.   A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue to date.

ANSWER:

## INTERROGATORIES TO DEFENDANT GOAD

1.   Identify all email accounts, email addresses, and/or any alias or code used to identify you and used for any communication relating to your work handling storm claims arising out of the storm(s) at issue in this Lawsuit. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

   RESPONSE:

2.   Identify generally the training or experience you had in adjusting hail and/or windstorm damage and any specific training you had for this storm prior to your handling of claim made the basis of this Lawsuit.

   RESPONSE:

3.   Identify any degrees, Texas insurance licenses (unless you qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses you held from other states) or certifications you had at the time you handled the claim made the basis of this Lawsuit.

   RESPONSE:

4.   Explain how you were compensated and by whom for your work on claims arising out of the storm(s) at issue in this Lawsuit., stating the amount you were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, you may refer to such personnel file.

   RESPONSE:

5.   State whether you are fluent in Spanish and whether you had any communication relating to the claim made the basis of this Lawsuit in Spanish. If you are not fluent in Spanish, state whether you are proficient in Spanish to communicate to adjust a claim.

   RESPONSE:

6.   Identify the following dates:

    a.   The date you first obtained an adjuster license in the State of Texas;

    b.   The first date you were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

    c.   The date you were first assigned to claims arising out of the storm(s) at issue in this Lawsuit.;

    d.   The date you closed your file on the claim made the basis of this Lawsuit; and

    e.   The last date you worked on any claims arising out of the storm(s) at issue in this Lawsuit.

<u>RESPONSE:</u>

7.   Describe in detail each inspection you conducted of the Property made the basis of this Lawsuit, identifying:

    a.   The name and job title of any person who inspected the Property with you;

    b.   The date of each inspection;

    c.   The purpose of each inspection;

    d.   The length of time of each inspection;

    e.   The equipment or tools used during each inspection;

    f.   The areas of the Property inspected (i.e. roof, attic, individual rooms, exterior); and

    g.   Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

<u>RESPONSE:</u>

8.   Following the inspection(s), did You engage in any additional communications (*e.g.,* telephone, in person, written communication) with Plaintiff(s)?  If yes, provide the following information:

    a.   the date of such communication(s);

    b.   the manner of such communication(s);

    c.   the person to whom You communicated;

    d.   the reason for the communication(s);

    e.   for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which you called or on which you received the call; and

    f.   the general substance of the communication.

<u>RESPONSE:</u>

9.     Identify and describe all damage you observed during your inspection(s) of the claim made
       the basis of this Lawsuit. To the extent the damage you observed during your inspection is
       reflected in scope notes and photographs, you can refer Plaintiffs to such scope notes and/or
       photographs.

       RESPONSE:

10.    For all damage observed at the Property or reflected in your scope notes and/or photographs,
       state what your believe to be the cause of the damage, describing the investigatory steps you
       took to determine the cause, and identify all person(s) and/or entity(ies) that provided
       information or participated in that determination.

       RESPONSE:

11.    To the extent you applied or recommended policy exclusions, identify all exclusions under
       the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied
       or recommended, state the factual reason(s) that the exclusion was applied or recommended.

       RESPONSE:

12.    Identify the information you used to determine and how you calculated the amount of
       depreciation that you applied to any damage categories included in any estimates you
       prepared and/or approved on the claim made the basis of this Lawsuit.

       RESPONSE:

13.    How did you determine whether you would or would not apply overhead and profit (O&P) to
       Plaintiffs' claim?

       RESPONSE:

14.    Identify all documents that you relied upon in the adjustment of the claim made the basis of
       this Lawsuit. For each document, identify who provided the document.

       RESPONSE:

15.    Identify all documents or information you requested from Plaintiff during the investigation of
       the claim made the basis of this Lawsuit, the date the request was made, the person who
       communicated the request, and the Plaintiff(s) who received the request.

RESPONSE:

16.     Identify all documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

17.     To the extent you are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information you provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

18.     Identify and describe any training, guidance or instruction provided to you by any person and/or entity regarding the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT GOAD

1.    All documents related to Plaintiff(s), the Property, the Policy, and/or the claim made the basis of this Lawsuit.

   RESPONSE:

2.    All licenses or certifications that are identified in response to Interrogatory Number 3.

   RESPONSE:

3.    All training documents you have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

   RESPONSE:

4.    All applications you submitted (or submitted on your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time of the storm(s) at issue in this Lawsuit..

   RESPONSE:

5.    All resumes for the last five (5) years.

   RESPONSE:

6.    All applications for employment you submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the five (5) years preceding the storm(s) at issue in this Lawsuit.

   RESPONSE:

7.    All documents you relied upon in the adjustment of the claim made the basis of this Lawsuit.

   RESPONSE:

8.   To the extent you made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a homeowners property claim in the State of Texas for the past two (2) years.

RESPONSE:

9.   To the extent you made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a homeowners property claim in the State of Texas for the past two (2) years.

RESPONSE:

10.   All documents or items in your possession related to the claim made the basis of this Lawsuit that you did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.   All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this lawsuit.

RESPONSE:

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding your handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against you by an insured related to claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

15.    All contracts, indemnity agreements, and/or confidentiality agreements between you and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


16.    All price lists used by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.  To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.    All weather reports regarding wind and/or hail relied upon by you in handling claims arising out of the claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:


18.    All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list you used in handling claims arising out of the storm(s) at issue in this Lawsuit.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO
## METROPOLITAN AND GOAD

**REQUEST FOR ADMISSION NO. 1.**  Admit you committed statutory bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.**  Admit you committed common law bad faith in adjusting Plaintiff's claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.**  Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.**  Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Filed 3/10/2015 4:50:42 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. 48964-A

| | | |
|---|---|---|
| KELLY GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | TAYLOR COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND NIGEL GOAD | § | |
| | § | |
| Defendants. | § | 42ND JUDICIAL DISTRICT COURT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1. **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING**
**COVERAGE B - PRIVATE STRUCTURES**
**COVERAGE C - PERSONAL PROPERTY**

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically, the subject insurance policy provides as follows:

### SECTION I - CONDITIONS

...
2. **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representatives fail to comply with the following duties and the failure to comply is prejudicial to **us**:

---

A.   Promptly, notify **us** or **our** representative.

...

B.   Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.   Cooperate with us in the investigation of a claim.

Pleading further, Plaintiff failed to promptly repair the roof of her property and based upon information and belief, have not performed necessary repairs to the property.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:   Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of _March_____, 2015, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

Dennis D. Conder

PAN/PLDG/549937.1/001466.15800

**DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 4**

Filed 3/10/2015 4:48:33 PM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. 48964-A

| | | |
|---|---|---|
| KELLY GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | TAYLOR COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND NIGEL GOAD | § | |
| | § | |
| Defendants. | § | 42ND JUDICIAL DISTRICT COURT |

## DEFENDANT NIGEL GOAD'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Nigel Goad("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Pleading further, Defendant alleges all of the terms and provisions of the policy of

insurance issued to the Plaintiffs by Defendant Metropolitan Lloyds Insurance Company of

Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.  **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling,
    **we** cover:
    A.   the dwelling owned by **you** on the **residence premises**; and
    B.   structures, equipment and accessories attached to the dwelling.
         Swimming pools not fully enclosed within the dwelling are covered
         under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations.
We will pay only that part of the loss over such stated deductible.

### COVERAGE A - DWELLING
### COVERAGE B - PRIVATE STRUCTURES
### COVERAGE C - PERSONAL PROPERTY

We will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A, B and C, except as excluded in **SECTION I - LOSSES WE
DO NOT COVER**.

Pleading further, Defendant would also assert that Plaintiff has failed to comply

with the terms and conditions of the insurance policy issued by Metropolitan to the

Plaintiff. Specifically, the subject insurance policy provides as follows:

### SECTION I - CONDITIONS

...

2.  **What you Must do After a Loss. We** have no obligations to provide coverage
    under this policy if **you** or **your** representatives fail to comply with the following
    duties and the failure to comply is prejudicial to **us**:

    A.   Promptly, notify **us** or **our** representative.
         ...

---

**DEFENDANT NIGEL GOAD'S ORIGINAL ANSWER - PAGE 3**

B.    Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.    Cooperate with us in the investigation of a claim.

Pleading further, Plaintiff failed to promptly repair the roof of her property and

based upon information and belief, have not performed necessary repairs to the property.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6220
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
NIGEL GOAD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of _____, 2015, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

Dennis D. Conder

PAN/PLDG/549940.1/001466.15800

**DEFENDANT NIGEL GOAD'S ORIGINAL ANSWER - PAGE 4**

Filed 3/20/2015 8:43:42 AM
Patricia Henderson
District Clerk
Taylor County, Texas
Kathy Conway

CAUSE NO. 48964-A

| | | |
|---|---|---|
| KELLY GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | TAYLOR COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| AND NIGEL GOAD | § | |
| | § | |
| Defendants. | § | 42ND JUDICIAL DISTRICT COURT |

## DEFENDANTS METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND NIGEL GOAD'S MOTION TO ABATE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Metropolitan Lloyds Insurance Company of Texas and Nigel Goad, Defendants in the above-entitled and numbered cause, and file this Motion to Abate, and in support thereof would respectfully show this Honorable Court the following:

I.

This is a cause of action wherein Kelly Garcia ("Plaintiff") seeks recovery under and assert claims, in part, pursuant to the Texas Business & Commerce Code Sections 17.46 and 17.50(a) (which chapter is commonly referred to as the Texas Deceptive Trade Practices Act, hereinafter "DTPA"). Section 17.505 of the DTPA provides that before an individual can file a suit which seeks damages under the DTPA, that individual must give sixty (60) days advance written notice of his/her intention to bring the suit to the person or entity against whom the suit is going to be brought. Id. at § 17.505(a). Furthermore, the written notice must advise the potential defendant, in reasonable detail, of the individual's specific complaint and the amount of economic damages, damages for mental anguish, and expenses including attorneys' fees, if any, allegedly incurred. Id.

In addition to asserting claims based on alleged violations of the DTPA, Plaintiff has also asserted claims against Defendants based, in part, on alleged violations of Sections 541 and 542 of the Texas Insurance Code. However, like DTPA Section 17.505 discussed above, Texas Insurance Code Section 541.154 requires that as a prerequisite for filing suit based on violations of Sections 541 and 542, an individual must provide the potential defendant with written notice at least sixty-one (61) days before suit is filed. Tex. Ins. Code § 541.154. The notice must outline the specific complaint and the amount of actual damages, expenses, and attorneys' fees that are being asserted against the potential defendant. Id.

In addition to the above, the Plaintiff has asserted a breach of contract claim against the Defendants.

## II.

Although Plaintiff sent a demand dated February 19, 2015. Plaintiff proceeded to file suit on the same day in violation of the requirements of the above-referenced DTPA Section 17.505 and Section 541.154 of the Texas Insurance Code. Accordingly, Defendant prays that the Court enter an order abating this suit until 60 days from the date of the demand, or until April 20, 2015, and further, that Defendants Metropolitan Lloyds Insurance Company of Texas and Nigel Goad's deadline to respond and/or object to Plaintiff's request for disclosure, interrogatories, request for production, and request for admissions, served with Plaintiff's Original Petition be June 9, 2015

WHEREFORE PREMISES CONSIDERED, the Defendants Metropolitan Lloyds Insurance Company of Texas and Nigel Goad pray that, after hearing on Defendants' Motion stated herein, the Court enter an order abating this lawsuit, as prayed more specifically hereinabove, and for such other and further relief to which Defendant may be entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: _____
        Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6220
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (FAX)
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF CONFERENCE

This will certify that the undersigned wrote to counsel for Plaintiff regarding this matter as set forth in the attached Exhibit A. Plaintiff's counsel has failed to respond to the letter. Therefore, this matter is presented to the court for determination.

_____
Dennis D. Conder

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of ____March____, 2015, a true and correct copy of the foregoing Defendants' Motion to Abate was sent to Plaintiff's counsel of record pursuant to the Texas Rules of Civil Procedure.

_____
Dennis D. Conder

## VERIFICATION

STATE OF TEXAS       §
§
COUNTY OF DALLAS    §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Dennis D.

Conder, who being by me duly sworn on his oath deposed and said that he is the attorney for

Defendant Metropolitan Lloyds Insurance Company of Texas and Nigel Goad in the

above-entitled and numbered cause, that he has read the foregoing Defendants' Motion to Abate

for which this Verification has been prepared; and that to his personal knowledge the information

contained therein is true and correct.



_____
Dennis D. Conder

SUBSCRIBED AND SWORN TO BEFORE ME on this 19th day of March,
2015, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

PAN/PLDG/550555.1/001466.15800

PEGGY A. NIENHUSER
Notary Public, State of Texas
My Commission Expires
February 10, 2018



STACY &
CONDER, LLP
ATTORNEYS & COUNSELORS

March 6, 2015

*Via Facsimile*

Richard D. Daly
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

    **RE:** **Cause No. 48964-A;** *Kelly Garcia v. Metropolitan Lloyds Insurance Company*
           *of Texas and Nigel Goad*

Dear Mr. Daly:

    I am in receipt of your DTPA demand dated February 19, 2015. On the same date, you filed Plaintiff's Original Petition, thus not allowing the required statutory 60 days from the date of the demand prior to filing to suit. Based upon this, I am requesting that you agree to abate the pending lawsuit for 60 days from February 19, 2015 until April 20, 2015. I am also requesting that responses to written discovery would be due 50 days after the expiration of the abatement period. Specifically, if you are in agreement, Defendants Metropolitan Lloyds Insurance Company of Texas and Nigel Goad's responses and/or objections to Plaintiff's request for disclosure, interrogatories, request for production, and request for admissions, would be due on or before June 9, 2015.

    If you are in agreement with my proposal, and in order to constitute a Rule 11 Agreement as provided for in the Texas Rules of Civil Procedure, please sign this letter where indicated below and return it to me within 10 days of the date of this letter.

    With best regards, I am

                         Very truly yours,

                         Dennis D. Conder

DDC/pan
PAN/CRIT/549919.1/001466.15800

AGREED:

_____

Richard D. Daly
Attorney for Plaintiff



EXHIBIT
A

P. 1

```
*  *  *  COMMUNICATION RESULT REPORT ( MAR.  6. 2015  3:01PM )  *  *  *
```

FAX HEADER 1:   STACY&CONDER
FAX HEADER 2:

```
TRANSMITTED/STORED : MAR. 6. 2015  2:59PM
FILE MODE         OPTION            ADDRESS                        RESULT      PAGE
--------------------------------------------------------------------------------
7000 MEMORY TX                      G3   :0                        OK          2/2
--------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL               E-2) BUSY
  E-3) NO ANSWER                          E-4) NO FACSIMILE CONNECTION
  E-5) MAIL SIZE OVER
```

# STACY & CONDER, LLP

901 MAIN STREET, SUITE 6220
DALLAS, TEXAS 75202
(214) 748-5000
FAX: (214) 748-1421

## FAX TRANSMISSION

**Date:**      March 6, 2015               **Pages:**       2 Pages

**To:**        Richard D. Daly             **Fax #:**       713-655-1587

**From:**      Dennis D. Conder

**Subject:**   Cause No. 48964-A; Kelly Garcia v. Metropolitan Lloyds Insurance Company of Texas and Nigel Goad

COMMENTS:      Please see attached.

This facsimile is privileged and confidential. It is intended solely for the addressee. Any unauthorized disclosure, reproduction, distribution of the taking of any action in reliance on the contents of this information is prohibited. If you received this facsimile in error, please notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **KELLY GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | CIVIL NO. _____ |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF TEXAS** | § | |
| **AND NIGEL GOAD** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS'**
**CERTIFICATE OF INTERESTED PERSONS**

1.   **Plaintiff:**
     Kelly Garcia

2.   **Defendant:**
     Metropolitan Lloyds Insurance Company of Texas

3.   **Defendant:**
     Nigel Goad

4.   **Attorneys for Plaintiff:**
     Richard D. Daly
     Daly & Black, P.C.
     2211 Norfolk St., Suite 800
     Houston, Texas  77098
     713-655-1405
     713-655-1587 – fax
     SBN 00796429
     rdaly@dalyblack.com

5.   **Attorney for Defendant Metropolitan Lloyds Insurance Company of Texas:**
     Dennis D. Conder
     State Bar No. 04656400
     Stacy & Conder, LLP
     901 Main Street, Suite 6220
     Dallas, Texas 75202
     (214) 748-5000 (phone)

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS'**
**CERTIFICATE OF INTERESTED PERSONS – Page 1**



(214) 748-1421 (fax)
conder@stacyconder.com
SBN:  04656400

6.  **Attorney for Defendant Nigel Goad:**
    Dennis D. Conder
    State Bar No. 04656400
    Stacy & Conder, LLP
    901 Main Street, Suite 6220
    Dallas, Texas 75202
    (214) 748-5000 (phone)
    (214) 748-1421 (fax)
    conder@stacyconder.com
    SBN:  04656400

7.  **State Court:**
    42nd Judicial District Court
    Judge: Honorable John Weeks Presiding
    300 Oak St.
    Suite 401
    Abilene,  TX 79602
    (325) 674-1314

8.  The status of the removed cause is PENDING.

9.  Defendant Metropolitan Lloyds Insurance Company of Texas has requested a trial by JURY.

Respectfully submitted,

STACY & CONDER, LLP


_____*/s/ - Dennis D. Conder*_____
By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

On the 24th day of March, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure:

Richard D. Daly
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas  77098
713-655-1405
713-655-1587 – fax
SBN 00796429
rdaly@dalyblack.com

*/s/ - Dennis D. Conder*
Dennis D. Conder

PAN/LIT/550829.1/001466.15800

DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS'
CERTIFICATE OF INTERESTED PERSONS – Page 3